IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLINTON B.       *
     *
     v.      *      Civil Case No. RWT-18-1529
     *
COMMISSIONER, SOCIAL SECURITY      *
     *
************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF 5. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 10, 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the Court deny both motions, reverse the SSA's decision in part, and remand the case to the SSA for further proceedings in accordance with this report and recommendations.

Plaintiff applied for Disability Insurance Benefits ("DIB") on August 12, 2014, alleging a disability onset date of January 27, 2014. Tr. 123-26. His application was denied initially and on reconsideration. Tr. 64-67, 69-70. An Administrative Law Judge ("ALJ") held a hearing on March 21, 2017, at which Plaintiff was accompanied by a non-attorney representative. Tr. 24-42. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 12-18. The Appeals Council ("AC") denied Plaintiff's request for

further review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Plaintiff suffered from the severe impairments of "post laminectomy syndrome; radiculopathy; degenerative disc disease (DDD); pseudoarthrosis; and cervicalgia." Tr. 14. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than a full range of sedentary work as defined in 20 CFR 404.1567(a). The claimant has to avoid lifting and carrying below waist level. The claimant has to avoid crawling, crouching, kneeling and climbing ladders, ropes, and scaffolds, but he can stoop on an occasional basis. The claimant has to avoid constant reaching. The claimant has to avoid working around hazards such as moving dangerous machinery and unprotected heights.

Tr. 15. After considering the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was capable of performing his past relevant work as a systems analyst. Tr. 18. Therefore, the ALJ concluded that Plaintiff was not disabled. *Id.*

On appeal, Plaintiff raises two arguments, both relating to the ALJ's failure to consider the side effects he experienced from his prescribed medications, which include drowsiness, grogginess, forgetfulness, and difficulty with concentration. ECF 10 at 10-15. I agree that the ALJ's RFC analysis was inadequate and, therefore, I recommend remand. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff contends that the ALJ failed to consider his non-exertional limitations caused by the side effects from his pain-related medications. Those side effects represent only one example of the mental and non-exertional limitations reflected in the medical record, and ignored by the ALJ. As Plaintiff argues, in February, 2016, he described to his doctor a feeling of sedation with use of his prescribed muscle relaxant. Tr. 1011. Approximately two months later, he again told

2

his physician that the hydrocodone makes him sleepy when used with the muscle relaxant. Tr. 1024. In the fall of 2016, Plaintiff's physician sent him for a neurological evaluation to address ongoing concerns about his memory and sensory disturbances. Tr. 1111. He had a follow up neurological appointment on November 4, 2016, during which he reported feelings of confusion and forgetfulness. Tr. 1115. Additionally, though not mentioned by Plaintiff in his filings, the record reflects that he was previously diagnosed with depression with anxiety, and prescribed a variety of medications to address his mental health symptoms. Tr. 1071-73 (reflecting a diagnosis of depression and a prescription of Zoloft to address symptoms including difficulty concentrating); Tr. 1076 (showing an increase of Zoloft dosage to address symptoms of depression with anxiety); Tr. 1081 (adding Bupropion for depression with anxiety).

An ALJ is required to discuss each diagnosis that is supported by objective medical evidence in the claimant's record. *See Boston v. Barnhart*, 332 F. Supp. 2d 879, 885 (D. Md. 2004); *Albert v. Astrue*, Civil Action No. CBD-10-2071, 2011 WL 3417109, at *2-3 (D. Md. July 29, 2011). This Court has held that an ALJ's failure to consider the severity of a particular diagnosis at step two is harmless where the ALJ corrects his or her error by "fully consider[ing] the impact" of the neglected evidence when determining the claimant's RFC. *See Burroughs v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-1081, 2015 WL 540719, at *1 (D. Md. Feb. 9, 2015). Here, however, the ALJ did not consider the impact of Plaintiff's mental or non-exertional limitations anywhere in the RFC assessment. In determining a claimant's RFC, the ALJ is required to consider all of the claimant's impairments, both severe and non-severe, in combination. *See* 20 C.F.R. § 404.1545(a)(2); *Walker v. Bowen,* 889 F.2d 47, 49-50 (4th Cir. 1989). In contrast, the ALJ in this case did not evaluate Plaintiff's mental or non-exertional impairments at any point. There is no mention of depression, confusion, fatigue, or forgetfulness,

and no analysis to explain whether any RFC limitations would be needed to address any of those diagnoses or symptoms. The complete absence of analysis is particularly significant in this case, where the ALJ concluded that Plaintiff would be capable of his past skilled work as a systems analyst. In light of the mental demands necessary to fulfill a skilled position, *see* 20 C.F.R. § 404.1568(c), and the failure of the ALJ to assess the potential mental limitations evidenced in the record, I recommend remand for the ALJ to explain his conclusions.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment, ECF 13;

2. the Court DENY Plaintiff's Motion for Summary Judgment, ECF 10;

3. the Court REVERSE IN PART the SSA's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the SSA for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: February 25, 2019                          /s/
                                                            Stephanie A. Gallagher
                                                            United States Magistrate Judge