IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| CLINTON B. | * |
| --- | --- |
|  | * |
| v. | * Civil Case No. TDC-18-1529 |
|  | * |
| COMMISSIONER, SOCIAL SECURITY | * |
|  | * |

************

## AMENDED REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF 5. I issued a Report and Recommendations on February 25, 2019. ECF 15. On March 11, 2019, the Social Security Administration ("SSA") filed an Objection to the Report and Recommendations. ECF 16. Judge Chuang then recommitted the matter to me with instructions to consider the objection, and to make any changes required. ECF 17. This Amended Report and Recommendations supersedes the original Report and Recommendations. I have now considered the parties' cross-motions for summary judgment, Plaintiff's reply, and the SSA's Objection to the Report and Recommendation. ECF 10, 13, 14, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the Court deny both motions, reverse the SSA's decision in part, and remand the case to the SSA for further proceedings in accordance with this Amended Report and Recommendations.

Plaintiff applied for Disability Insurance Benefits ("DIB") on August 12, 2014, alleging a disability onset date of January 27, 2014. Tr. 123-26. His application was denied initially and

on reconsideration. Tr. 64-67, 69-70. An Administrative Law Judge ("ALJ") held a hearing on March 21, 2017, at which Plaintiff was accompanied by a non-attorney representative. Tr. 24-42. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 12-18. The Appeals Council denied Plaintiff's request for further review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "post laminectomy syndrome; radiculopathy; degenerative disc disease (DDD); pseudoarthrosis; and cervicalgia." Tr. 14. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than a full range of sedentary work as defined in 20 CFR 404.1567(a). The claimant has to avoid lifting and carrying below waist level. The claimant has to avoid crawling, crouching, kneeling and climbing ladders, ropes, and scaffolds, but he can stoop on an occasional basis. The claimant has to avoid constant reaching. The claimant has to avoid working around hazards such as moving dangerous machinery and unprotected heights.

Tr. 15. After considering the testimony of a vocational expert, the ALJ found that Plaintiff was capable of performing his past relevant work as a systems analyst. Tr. 18. Therefore, the ALJ concluded that Plaintiff was not disabled. *Id.*

On appeal, Plaintiff's argument is essentially that the ALJ failed to consider Plaintiff's non-exertional limitations caused by the side effects he experienced from his prescribed medications, which include drowsiness, grogginess, forgetfulness, and difficulty with concentration. ECF 10 at 10-15; ECF 14 at 2-4. I agree that the ALJ's RFC analysis was inadequate and, therefore, I recommend remand. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

It is well established that the ALJ is not required to discuss every piece of evidence in the record. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). However, the ALJ must provide "a logical explanation for [a court] to conduct meaningful appellate review." *Thomas v. Berryhill*, 916 F.3d 307, 311-12 (4th. Cir. 2019); *see also Melgarejo v. Astrue*, Civil No. JKS 08–3140, 2009 WL 5030706, at *4 (D. Md. Dec. 15, 2009) (holding that an ALJ's duty to explain his findings and conclusions on all material issues of fact or law is satisfied when a reviewing court can determine, from an ALJ's opinion and the evidence of record, how he reached his conclusion). In determining a claimant's RFC, the ALJ is required to consider all of the claimant's impairments, both severe and non-severe, in combination. *See* 20 C.F.R. § 404.1545(a)(2); *Walker v. Bowen,* 889 F.2d 47, 49-50 (4th Cir. 1989). The RFC analysis is based on "all the relevant evidence" of a claimant's "impairment(s), and any related symptoms, such as pain, [which] may cause physical and mental limitations that affect what [a claimant] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). One of the factors the ALJ is supposed to consider when evaluating a claimant's symptoms is "[t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms." *See* 20 C.F.R. § 404.1529(c)(3)(iv).

As Plaintiff argues, in February, 2016, he described to his medical provider a feeling of sedation with use of his prescribed muscle relaxant. Tr. 1011. Approximately two months later, he again told his physician that the hydrocodone makes him sleepy when used with the muscle relaxant. Tr. 1024. In the fall of 2016, Plaintiff's physician sent him for a neurological evaluation to address ongoing concerns about his memory and sensory disturbances. Tr. 1111. He had a follow up neurological appointment on November 4, 2016, during which he reported feelings of confusion and forgetfulness. Tr. 1115. At the hearing before the ALJ, Plaintiff

testified that side effects of his medications included drowsiness, feeling tired, and diminished memory. Tr. 34-35.

The ALJ, however, made no mention of the side effects of Plaintiff's medications, or of the impact of any of Plaintiff's mental or non-exertional limitations anywhere in the RFC assessment. There is no mention of confusion, fatigue, or forgetfulness, and no analysis to explain whether any RFC limitations would be needed to address any of those symptoms. The only references the ALJ made to Plaintiff's medications were two notes from treating doctors in 2014 and 2015 encouraging Plaintiff to wean himself off pain medications (both of those notes were made in the weeks following spinal fusion surgeries), and a 2014 note that hydrocodone helped manage, but not eliminate, Plaintiff's pain. Tr. 16-17. The ALJ did not provide any explanation for finding Plaintiff's side effects had no impact on his ability to perform work related activities for a full work day. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (finding ALJ's discussion of claimant's daily activities were enough to conclude medication side effects were not disabling). The complete absence of analysis of Plaintiff's non-exertional limitations is particularly significant in this case, where the ALJ concluded that Plaintiff would be capable of his past skilled work as a systems analyst. In light of the mental demands necessary to fulfill a skilled position, *see* 20 C.F.R. § 404.1568(c), and the failure of the ALJ to assess the potential mental limitations evidenced in the record, I recommend remand for the ALJ to explain his conclusions.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment, ECF 13;

2. the Court DENY Plaintiff's Motion for Summary Judgment, ECF 10;

3. the Court REVERSE IN PART the SSA's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the SSA for further proceedings and to CLOSE this case.

Any objections to this Amended Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: April 5, 2019                                          /s/
                                                   Stephanie A. Gallagher
                                                   United States Magistrate Judge