UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

May 29, 2020

LETTER TO COUNSEL

    RE:   *Clinton B. v. Commissioner, Social Security Administration*
           Civil No. DLB-18-1529

Dear Counsel:

Laurie Pulliam, Esq. has filed a request for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with the representation of Plaintiff before the Court. ECF No. 26. In response, the Commissioner asked the Court to consider whether the requested amount constitutes a reasonable fee. ECF Nos. 28, 31. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the request for attorney's fees is GRANTED IN PART.

The Court awarded Ms. Pulliam a total of $3,978.00 for 20.40 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 25. Plaintiff subsequently received an Award Notice, showing that $32,190.15 was withheld from his past-due benefits for potential attorney's fees.[1] ECF No. 27 at 3. On March 11, 2020, Ms. Pulliam filed a motion for attorney's fees, seeking $32,190.15 in attorney's fees and agreeing to reimburse the EAJA award to Plaintiff. ECF No. 26; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Social Security Act (the "Act") authorizes a reasonable fee for successful representation before the Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme

---

[1] The award letter identifies Plaintiff's first payment as $96,570.45, but it does not state the total past-due amount. ECF No. 27 at 1. The parties agree that $32,190.15 was withheld for potential attorneys' fees, which represents twenty-five percent of Plaintiff's past-due benefits.

*Clinton B. v. Commissioner, Social Security Administration*
Civil No. DLB-18-1529
May 29, 2020
Page 2

Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Ms. Pulliam and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Ms. Pulliam twenty-five percent of all retroactive benefits to which he might become entitled. ECF No. 26-3. In her previous motion for attorney's fees pursuant to the EAJA, Ms. Pulliam submitted a declaration that she worked 20.40 hours on Plaintiff's case in federal court and an itemized report documenting how she spent the 20.40 hours. ECF No. 21-4. In support of her recent motion for attorney's fees under the Act, Ms. Pulliam submitted a revised declaration in which she claims she spent 40.95 hours, not 20.40 hours, on Plaintiff's case in federal court. ECF No. 26-2 ¶ 5. Ms. Pulliam subsequently submitted a third declaration and attached an amended itemized timesheet to support her claim that she worked 40.95 hours. ECF No. 29-1. The Commissioner contends that Ms. Pulliam's original timesheet, submitted in support of her EAJA fee petition, "appears to document the full amount of compensable, non-clerical time Plaintiff's counsel spent performing services before this Court," and notes that "fees under 42 U.S.C. 406(b) are limited to court-related work." ECF No. 31 at 2 (citing *Dyer v. Colvin*, Civil No. RDB-13-432, 2014 WL 1271159, at *2 (D. Md. Mar. 25, 2014); *Mudd v. Barnhart*, 418 F.3d 425, 427 (4th Cir. 2005)).

I have reviewed both of Ms. Pulliam's timesheets, and I find that the timesheet she submitted with her EAJA fee application accurately represents the amount of time she spent representing her client in federal court. In Ms. Pulliam's amended timesheet, she added four entries for work performed that were not included in her original timesheet.[2] Two of those new entries, dated February 7, 2018, are for time spent working on a response in support of the motion for summary judgment (2.50 hours) and a telephone call with Plaintiff notifying him about the Report and Recommendation (0.50). But as of February 7, 2018, when that work allegedly occurred, Plaintiff had not yet filed a complaint in federal court. In addition, the new timesheet adds an October 7, 2018 entry for four hours spent on Plaintiff's motion for summary judgment, which was not reported in the original timesheet. ECF No. 29-1. Raising additional concerns about the amended timesheet is the fact that Ms. Pulliam increased, often doubling, the amount of time she spent on tasks in 24 of 26 entries. *Compare, e.g.*, ECF No. 21-4 (showing 0.10 hours spent reviewing a motion on December 10, 2018; 1.5 hours spent researching caselaw on February 1, 2019; 0.10 hours spent on a phone call with Plaintiff), *with* ECF No. 29-1 (showing 0.20 hours;

---

[2] These four new entries were for work allegedly performed before the April 25, 2019 Order Adopting the Report and Recommendation remanding the case. In her amended declaration and timesheet, Ms. Pulliam also submitted five additional entries for a total of 4.20 hours of work on her EAJA fee petition. Given the routine nature of an EAJA fee petition, it is difficult to see how it would take experienced counsel significant time to prepare one. I find that 0.50 hours is a closer approximation of the time required to tailor a simple, routine EAJA fee petition to the facts of a particular case. Accordingly, 0.50 for time spent preparing the EAJA petition is compensable.

2.50 hours; 0.50 hours spent on the same respective tasks). Ms. Pulliam has not offered an explanation for the differences. I have no reason to doubt Ms. Pulliam's original timesheet. Afterall, Ms. Pulliam reports that she spent over four hours preparing her original timesheet and EAJA petition. *See* ECF No. 29-1. Accordingly, she will be compensated for the 20.40 hours she spent working on the case and an additional 0.50 hours she spent preparing the EAJA fee petition.

If Ms. Pulliam receives the full amount of fees she requests, her fee for representation before the Court will effectively be $1,349.86 per hour at 20.90 hours. Therefore, Ms. Pulliam must show that an effective rate of $1,349.86 per hour is reasonable for the services she rendered. *See Gisbrecht*, 535 U.S. at 807.

Ms. Pulliam's requested fee results in nearly four times her stated hourly billing rate of $350.00,[3] ECF No. 21-3 ¶ 4, which is the top hourly rate that is presumptively reasonable for attorneys of her experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[4] Although it is customary in Social Security cases for courts to approve significantly higher rates, Ms. Pulliam's requested rate exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals, including attorneys with more experience. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 U.S. Dist. LEXIS 92832 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160, 2016 U.S. Dist. LEXIS 186022 (D. Md. July 7, 2016) (approving contingency fee agreement with hourly rate of $1,028.14). Hourly rates exceeding $1,000.00 are the exception, not the rule. The Court acknowledges Ms. Pulliam's effective performance and the substantial past-due benefit award to her client, but nonetheless finds that her request for $32,190.15 in fees for 20.90 hours of work would result in a windfall. Instead, this Court finds that an award of $20,900, amounting to an hourly rate of $1,000.00 – more than triple the top hourly rate for an attorney of Ms. Pulliam's experience, would adequately compensate Ms. Pulliam for the time that she spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS IN PART the attorney's fee request. ECF No. 26. This Court will award Ms. Pulliam attorney's fees totaling $20,900.00. Ms. Pulliam is directed to reimburse Plaintiff for the fees she received pursuant to the EAJA.

---

[3] Ms. Pulliam's amended affidavit states that her non-contingent hourly rate is $395.00. ECF No. 29 ¶ 4.

[4] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2018). Ms. Pulliam testifies that she has been licensed since 2009. ECF Nos. 21, 29. The presumptively reasonable hourly rate for attorneys admitted to the bar for nine to fourteen years is between $225.00 and $350.00. Loc. R. App'x B.

*Clinton B. v. Commissioner, Social Security Administration*
Civil No. DLB-18-1529
May 29, 2020
Page 4

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                      Sincerely yours,

                      /s/

                      Deborah L. Boardman
                      United States Magistrate Judge